UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDY ROUTT, | CASE NO. C12-1307JLR |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Defendant Amazon.com, Inc.'s ("Amazon") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff Sandy Routt's complaint for failure to state a claim upon which relief can be granted. (Mot. (Dkt. # 10).) Having considered the motion, the parties' submissions filed in support and opposition thereto, the applicable law, and considering itself fully advised, the court GRANTS the motion and DISMISSES the complaint with leave to amend within 15 days (Dkt. # 10).

//

ORDER- 1

## II. BACKGROUND

This is a copyright infringement case brought by Plaintiff Sandy Routt against online retailer Amazon.com. Ms. Routt holds various copyrights, which she alleges Amazon's "affiliates" infringed. These "affiliates" are operators of independent websites participating in Amazon's Associates Program. Through this program, Associates can advertise Amazon products and earn advertising fees for purchases made by end users who click through to Amazon. (Dec. of Garth Skovgard (Dkt. # 11), Ex. A ¶¶ 1, 7.) Amazon has around three million of these Associates. (Mot. at 8.) The question now before the court is whether Amazon can be liable when one of these Associates infringes a third party's intellectual property rights.

Plaintiff Ms. Routt is a mixed-media artist and designer of jewelry, apparel, and collectible items. (Compl. (Dkt. # 4) ¶ 4.) She created, owns, and operates the website SandysBeachGifts.com. (*Id.*) On her website, she displays pictures of the items that are for sale, which she allegedly took herself. (*Id.* ¶ 5) Ms. Routt has filed multiple applications for copyright protection with the United States Copyright Office directed to the various photographs she has created and uses on her website. (*Id.*; Compl. Ex. A.)

Ms. Routt alleges that several of these Associate websites displayed her photographs without her permission. (Compl. ¶ 9.) Although the Associate websites display copies of these photographs, "when an attempt is made to purchase one of the products through the website, the website informs the purchaser that the depicted product is not available and then suggests alternate products, not sourced by Ms. Routt, that can be purchased instead." (*Id.* ¶ 10.) Ms. Routt seeks to recover for this behavior not from

ORDER- 2

the Associates, but from Amazon. Amazon moves to dismiss Ms. Routt's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Routt has not properly alleged that Amazon is vicariously, directly, or contributorily liable for the actions of its Associates.

Ms. Routt filed this complaint against Amazon alleging three causes of action: (1) copyright infringement; (2) violation of the Lanham Act; and (3) violation of the Washington Consumer Protection Act ("CPA").

### III.   ANALYSIS

#### A.   Pleading Standard Under the Federal Rules, *Twombly*, and *Iqbal*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a)(2). The purpose of this rule is to "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 550 U.S. 544 at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* and *Ashcroft v. Iqbal* establish the federal civil pleading standard used to assess Rule 12(b)(6) motions. *See Twombly*, 550 U.S. at 562-63; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under the *Twombly/Iqbal* standard, it is not enough that a claim to relief be merely "possible" or "conceivable." Instead, it must be "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim for relief is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard is

"not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To cross the line from conceivable to plausible, a complaint must contain a sufficient quantum of "factual matter" alleged with a sufficient level of specificity to raise entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555. The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion, a court may consider documents incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed.1999). Even if a document is not attached to the complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to it or it forms the basis of the plaintiff's claim. *See Van Buskirk*, 284 F.3d at 980; *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Here, for example, the court can consider the Amazon Associates Agreement to decide whether Ms. Routt states plausible claims because it is explicitly referenced in the complaint and forms the basis of Ms. Routt's claims. (*See* Compl. ¶ 8.)

### B. Vicarious Liability

Ms. Routt fails to state a plausible claim that Amazon is vicariously liable for its Associates' copyright infringement, trademark infringement under the Lanham Act, or violations of the CPA. For any of these causes of action, vicarious liability requires some version of an agency relationship. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) (copyright); *1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F. Supp. 2d 1151, 1183 (D. Utah 2010) (trademark); *Stephens v. Omni Ins. Co.*, 159 P.3d 10, 27 (Wash. Ct. App. 2007) (CPA). This means Amazon can be liable for its Associates' conduct only if it exercises a sufficient level of control over the Associates with respect to the infringing activities. *Perfect 10*, 494 F.3d at 802 (requiring "the right and ability to supervise the infringing conduct" for vicarious liability in copyright); *1-800 Contacts*, 755 F. Supp. 2d at 1183 (requiring "control over form and substance" of infringing content for vicarious liability under the Lanham Act); *Stephens*, 159 P.3d at 27 ("The right to control is indispensable to vicarious liability" for a CPA claim.).

Ms. Routt simply has not alleged sufficient facts for the court to infer that Amazon had control over the infringing actions of its Associates. As a starting point, the Amazon Associates Agreement states that Associates are "solely responsible" for the content of their websites and for ensuring that their content "does not infringe, violate, or misappropriate" the intellectual property rights of any person (Decl. of Garth Skovgard (Dkt. # 11) Ex. A at 3), that Amazon "will have no liability for these matters" (*id.*), and that Associates are "independent contractors, and nothing in this Operating Agreement . . . will create any partnership, joint venture, agency, franchise, sales

representative, or employment relationship" between Amazon and its Associates (*id.* at 6). More importantly, Ms. Routt does not allege sufficient non-conclusory factual matter to state a plausible claim that the relationship between Amazon and its Associates is anything other than the relationship described in the Agreement. (*See generally* Compl.) She makes no specific allegations that would allow the court to reasonably infer that Amazon had control over its Associates or over their allegedly infringing activities. (*See id.*) Instead, she tenders only "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Ms. Routt makes only one colorable argument that Amazon has control over its Associates' infringing activities, but the Ninth Circuit has already rejected her argument. Ms. Routt argues that Amazon has control over its Associates because Amazon has policies requiring compliance with intellectual property laws and can terminate Associates who violate those policies. (Resp. (Dkt. # 15) at 7-8.) We are not free to indulge this argument because the Ninth Circuit explicitly rejected an identical argument in *Perfect 10*, holding that this was not a sufficient level of control to hold a defendant vicariously liable. 494 F.3d at 802-04; *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 730-32 (9th Cir. 2007). Ms. Routt's argument does not change the fact that she alleges no specific facts suggesting Amazon has control over the infringing activities of its Associates. As a result, there is no basis for holding Amazon vicariously liable for its Associates' illegal conduct.

Factually, this case is very similar to *Sellify, Inc. v. Amazon.com, Inc.*, where the Southern District of New York dismissed an action against Amazon based on alleged

ORDER- 6

wrongdoing by participants in the same Amazon Associates program at issue here. No. 09 Civ. 10268, 2010 WL 4455830 (S.D.N.Y. Nov. 4, 2010). The claims in *Sellify* were Lanham Act claims and state claims for unfair competition, false advertising, and unfair trade practices. *Id.* at *1. For reasons similar to those outlined above, the court in *Sellify* granted summary judgment to Amazon, holding that Amazon was not vicariously, directly, or contributorily liable for the unlawful acts of its Associates. *Id.* at *2-4. *Sellify* does not directly control this case, but the court finds it highly persuasive in reaching the conclusion that Ms. Routt fails to state a claim on which relief can be granted.

C.   **Direct Liability**

Ms. Routt also fails to state a plausible claim that Amazon is directly liable for copyright infringement. To state a claim for direct copyright infringement, a plaintiff must allege, among other things, unlawful copying by the defendant. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 995-96 (9th Cir. 2009). Ms. Routt's complaint mainly alleges unlawful copying not by Amazon, but by its Associates. (*See* Compl. ¶¶ 9-10.) To the extent it alleges unlawful copying by Amazon, it does so only in a conclusory, formulaic fashion and with no specificity. (*See, e.g.*, Compl. ¶ 12 ("Defendant has willfully committed copyright infringement . . . .").) Thus, the complaint is insufficient to survive a Rule 12(b)(6) motion with respect to direct copyright infringement. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The same reasoning applies to Ms. Routt's CPA claim. To state a CPA claim, a plaintiff must establish, among other things, an "unfair or deceptive act or practice." *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Most of Ms. Routt's complaint is dedicated to alleging such acts by Amazon's Associates, but at one point in the complaint Ms. Routt makes one allegation of direct wrongful conduct by Amazon: she alleges that Amazon "falsely suggest[ed] a connection between Ms. Routt's photographs of her genuine products on the one hand, and its own websites on the other to promote the sales of their competing goods . . . ." (Compl. ¶ 18.) She explains (not in her complaint, but in her response to this motion) that she believes Amazon is engaged in a far-reaching "scam" whereby Amazon and its associates bait and switch online consumers "[b]y pretending to offer attractive, but in reality unavailable, products on their websites," thus attracting visitors to their sites, then directing them "toward Amazon where, it is hoped, the customers may place an actual order for a similar, but in actuality different, product." (Resp. at 3.) If this were true, Amazon might be liable under the CPA. *See Hangman Ridge*, 719 P.2d at 533. However, as the complaint is now written, it does not come close to pleading enough factual matter to state a plausible claim for relief under this theory. (*See* Compl.) In particular, the complaint contains no specific factual allegations suggesting Amazon is engaged in this behavior, that its official policies do anything but discourage lawbreaking, or that it masterminded this far-reaching "scam." (*See id.*) In short, neither of Ms. Routt's claims for direct liability state a plausible claim upon which relief can be granted.

### D. Contributory Liability

Finally, Ms. Routt fails to state a claim for contributory liability under either copyright laws or the Lanham Act because she alleges no specific facts that would support a contributory liability theory. (*See* Compl.) To state a claim for contributory copyright liability, a plaintiff must allege that the defendant "intentionally induc[ed] or encourage[ed] direct infringement." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). Contributory liability under the Lanham Act similarly requires intentional inducement with knowledge of infringement. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982). But Ms. Routt's only allegations of inducement or encouragement to infringe are conclusory (*see* Compl. ¶ 12 ("Defendant has willfully committed copyright infringement . . . by inducement, or by way of contributory liability.")), and the only other allegations that could support an inference of inducement or encouragement are Ms. Routt's claims of a far-reaching scam. As discussed above, this theory is not alleged with sufficient specificity to survive a Rule 12(b)(6) motion. (*See* Compl. ¶ 18; Resp. at 3.)

### IV. CONCLUSION

Based on the foregoing, the court GRANTS Amazon's motion to dismiss the complaint (Dkt. # 10) with leave to amend within 15 days of the date of this order.

Dated this 30th day of November.

JAMES L. ROBART
United States District Judge

ORDER- 9