UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDY ROUTT,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　　Defendant. | CASE NO. C12-1307JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

Before the court is Defendant Amazon.com, Inc.'s ("Amazon") motion to dismiss Plaintiff Sandy Routt's First Amended Complaint ("FAC"). (Mot. (Dkt. # 22).) The court previously dismissed Ms. Routt's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (11/30/12 Order (Dkt. # 18).) Ms. Routt amended her Complaint, and now Amazon once again moves to dismiss under Rule 12(b)(6). (*See* Mot.) After examining the FAC, the court concludes

ORDER- 1

1  that, just like the original Complaint, the FAC fails to state a claim upon which relief can
2  be granted. Thus, the court GRANTS's Amazon's motion and DISMISSES the FAC.[1]

## II. BACKGROUND

4  Ms. Routt filed this copyright infringement action against Amazon on August 1,
5  2012. (*See* Compl. (Dkt. # 1).) She alleges copyright infringement by Amazon's
6  "Associates," who are operators of independent websites that earn advertising fees for
7  displaying links to Amazon's products on their websites. (11/30/12 Order at 2.)

8  Previously, the court dismissed Ms. Routt's Complaint because it stated no
9  plausible claims against Amazon even though it alleged acts of wrongdoing by Amazon's
10 Associates. (*See id.* at 5-9.) Ms. Routt's Complaint named only Amazon as Defendant,
11 not any of its Associates. (*See* Compl.) The court examined the operating agreement
12 between Amazon and its Associates, studied the relevant law, and concluded that neither
13 the agreement nor the facts alleged provided a basis for vicarious liability (or any other
14 kind of liability) against Amazon. (11/30/12 Order at 5-9.)

15 The FAC is different from the original Complaint in three relevant ways. First, it
16 incorporates into the Complaint many of the terms from Amazon's agreement with its
17 Associates. (1st Am. Compl. (Dkt. # 19) ¶¶ 11-19.) Second, attached to the FAC are
18 several documents that elaborate on that agreement. (*Id.* Exs. 4-7.) Third, the FAC

---

[1] Both parties have requested oral argument. However, oral argument is not necessary if it would not be helpful to the court and would not work prejudice on either party. *See Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984). Here, the court is familiar with the nuances of this case, the issues have been thoroughly briefed, and oral argument would not be of assistance to the court. Accordingly, the court denies the parties' request for oral argument.

ORDER- 2

contains two paragraphs containing new factual information. The first of these paragraphs describes a particular Amazon Associate who is allegedly infringing Ms. Routt's copyrights in a manner representative of other alleged infringers:

> Upon information and belief, Amazon maintains one or more associate relationships with an entity or entities identified with the name, "agcku." The "agcku" name appears in the domains of most of the websites identified in the attached Exhibit B and that display unauthorized copies of Plaintiff's photographs. Upon information and belief, Amazon has provided to "agcku" programs, tools, widgets, and other items used to set up and operate a number of websites that link to and direct other customers to Amazon. Upon information and belief, Amazon is aware of the multiple websites operated by "agcku" and has acted in concert with "agcku" to establish and operate these websites.

(1st Am. Compl. ¶ 20.) The second of these paragraphs describes a "live chat" in which Ms. Routt informed Amazon that her copyrights were being infringed by Amazon Associates, but Amazon took "no immediate action." (*Id.* ¶ 21.)

### III.  ANALYSIS

**A.  Ms. Routt's amendments to her Complaint do not make her claims viable**

Ms. Routt's original Complaint failed to state a claim for the reasons explained in the court's previous order. (*See* 11/30/12 Order.) The FAC suffers from the same problems, so the court incorporates the reasoning of that order into this one. As described above, the FAC is different from the original complaint in only three ways. None of these differences justifies a different result on this second motion to dismiss.

First, it makes no difference to the court's analysis that the FAC summarizes the terms of Amazon's Associates Agreement. The court considered Amazon's Associate Agreement the first time around since it was incorporated by reference in the original

ORDER- 3

Complaint and Amazon provided a copy for the court's review. (11/30/12 Order at 4.) The court has already studied the Agreement and determined its legal effects; adding the Agreement's terms to the FAC does nothing to convince the court it was not correct the first time. (*See* 11/30/12 Order.)

Second, it does not change the court's analysis that the FAC contains several documents elaborating on the Amazon Associate Agreement, including an "Associates Program Operating Agreement" and a list of "Associates Program Excluded Products." (*See* 1st Am. Compl. Exs. 4-7.) The court has reviewed these documents in detail and concludes that they do not add anything substantive to the Amazon Associate Agreement but rather simply provide more detail on how to implement that Agreement. As such, the court's analysis does not change as a result of these attachments.

Finally, the two paragraphs of new factual information do not contain sufficient factual matter such that they state a plausible claim for relief when added to the allegations in the original Complaint. The allegations related to "agcku" merely provide a concrete example of the behavior complained of generally in the rest of the complaint. (*See* 1st Am. Compl. ¶ 20.) Thus, these allegations suffer from the same defects as the other, more general allegations (*see* 11/30/12 Order)—that is, they do not provide any new factual matter suggesting Amazon could be held vicariously liable for the infringement of agcku or any other Associate. (*See* 1st Am. Compl. ¶ 20.) To the extent these allegations allege direct liability, they make only threadbare, conclusory allegations that Amazon "acted in concert with 'agcku' to establish and operate these websites."

ORDER- 4

1  (*Id.*) The court explained in its previous order that this is insufficient to survive a
2  12(b)(6) motion. (*See* 11/30/12 Order.)

3  The second paragraph of new facts does not help either. (*See* 1st Am. Compl. ¶ 21
4  (discussing Ms. Routt's "live chat" with Amazon).) The problem in this case is that Ms.
5  Routt has not alleged enough facts to establish that Amazon can be held liable for the
6  infringement of its Associates. (*See* 11/30/12 Order.) Ms. Routt's new allegation about
7  her "live chat" and Amazon's subsequent inaction might make Amazon look bad, but it is
8  not a fact that relates directly to any of the elements Ms. Routt must allege to state a
9  claim holding Amazon liable. Thus, it does not help Ms. Routt.

10 In sum, Ms. Routt's amendments do not change the court's analysis: the FAC,
11 like the original Complaint, fails to state a claim upon which relief can be granted.
12 Accordingly, the court GRANTS the motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Amazon's motion to dismiss and DISMISSES the FAC (Dkt. # 22).

Dated this 26th day of February, 2013.

JAMES L. ROBART
United States District Judge